INHABITANTS OF WELD *versus* INHABITANTS OF CARTHAGE.

R. S. c. 32, § 1, provides, that upon the division of any town, and the incorporation of a portion of its territory into another *town,* the settlement of persons residing upon such territory at that time, shall be in the town into which it is incorporated.

But the settlement of persons residing on territory set off from one *town,* and *not incorporated into another,* is not changed by such dismemberment.

ON FACTS AGREED.

ASSUMPSIT, for supplies furnished to paupers, whose settlement was alleged to be in the defendant town.

Notice was legally given of the supplies furnished, and a denial of the defendants' liability seasonably made.

On July 17, 1849, the paupers had their legal settlement in the town of Carthage. On that day an Act of the Legis-
.lature was approved to set off a part of Carthage, and to incorporate the same into a plantation by the name of plantation No. 4. The paupers resided, at that time, on the territory so set off, and ever had, while living in Carthage.

If on these facts the plaintiffs are entitled to recover, the judgment is to be rendered for the amount sued for, otherwise for the defendants.

*R. Goodenow,* for the plaintiffs.

The Act of July 17, 1849, does not change the settlement of the paupers by any of the modes of acquiring a new one, specified in c. 32, R. S. The 4th mode in § 1, relates only to acquiring a settlement by the division of any town into two or more *towns;* and by the incorporation of a new town out of it.

The Act of July 17, 1849, is not a division of the town of Carthage in the sense in which the term division is used in the R. S. in the 4th mode. It does not contemplate the forming of one part of a town into a plantation.

No powers are given to the inhabitants set off by the Act of July. They are in an anomolous condition, having neither the powers of towns or organized plantations, and remain to this day without any kind of organization for political or municipal purposes.

The 17th rule of construction of the R. S., is not to be construed so as to change, alter or enlarge the powers, duties and liabilities of organized plantations as set forth and defined in other chapters of the R. S. Act of *March* 22, 1843, c. 20.

Plantations are said to be *quasi* corporations with limited powers. They have none, except what are given by statute, or implied from such as are given. The general provisions of the pauper law cannot be extended to plantations without further legislation. The statute does not require plantations to relieve and support their poor, none of its pro-

visions extend to them. The 53d §, c. 32, R. S., empowers them to raise money for the relief of the poor therein, but does not impose it as a duty. *Blakesburg* v. *Jefferson,* 7 Maine, 125, also *Means* v. *Blakesburg,* same vol., p. 132.

The facts find the settlement of the paupers in Carthage, since which, in none of the modes specified in R. S., c. 32, have they gained another.

*J. S. Abbott,* for the defendants.

It is admitted the paupers were inhabitants of and acquired their settlement in that part of Carthage which was "set off into a plantation" by a special Act of the Legislature of 1849, c. 214.

By that Act the town of Carthage was divided, and a certain part, together with the inhabitants, set off as aforesaid. Of the inhabitants so set off the paupers were a part.

If the part so set off had been annexed to another town, the settlement of these paupers would have no longer continued in Carthage. R. S. c. 32, § 1, Art. 4; *Great Barrington* v. *Lancaster,* 14 Mass. 429 ; *New Portland* v. *Rumford,* 13 Maine, 299 ; *New Portland* v. *New Vineyard,* 16 Maine, 69 ; *Smithfield* v. *Belgrade,* 19 Maine, 387 ; *Belgrade* v. *Dearborn,* 21 Maine, 334.

It is contended that the same principle applies in this case.

HOWARD, J. — It is conceded that the paupers, to whom supplies were furnished by the plaintiffs, had a legal settlement in Carthage, on July 17, 1849. On that day a portion of that town, on which the paupers resided, was "set off into a plantation by the name of plantation number four," by an Act of the Legislature which does not contain any provision respecting their settlement.

All settlements acquired under the laws of this State, remain until lost by gaining others, in some of the modes provided by statute. R. S. c. 32, § 2. In the fourth mode of § 1, of the same chapter, it is provided that, upon the

division of any town, and the incorporation of a portion of its territory into another town, the settlement of persons residing upon such territory, at that time, shall be in the town into which it is incorporated. But no provision has been made for a change of settlement of persons residing on territory set off from one town, and not incorporated into another. Their settlements legally acquired, will remain unaffected by such dismemberment. The paupers, therefore, retain their settlement in Carthage.

> *Judgment for the plaintiffs,*
> *according to the agreement.*

SHEPLEY, C. J., and RICE, HATHAWAY and CUTTING, J. J., concurred.